```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**JERMAINE T. PATTON,**

        Petitioner,

           v.                    CASE NO. 07-3155-SAC

**RILEY COUNTY,**
**et al.,**

        Respondents.

## O R D E R

This petition for writ of habeas corpus, 28 U.S.C. 2254, was filed by an inmate of the Norton Correctional Facility, Norton, Kansas. Petitioner also filed an application to proceed without prepayment of fees (Doc. 2). The court finds the application should be granted.

Having examined all materials filed, the court finds as follows. On July 30, 2004, Mr. Jermaine was convicted in Riley County District Court, Manhattan, Kansas, upon his plea of nolo contendere and sentenced to 59 months imprisonment. It appears from other allegations that petitioner was placed on probation, but violated his probation and was ordered to serve his underlying sentence.

As grounds for his Petition, Mr. Patton complains he was not given time to obtain other counsel after he "fired" his court appointed attorney, and that his attorney remained on the case but did nothing and was ineffective. He also complains that the judge imposed a post-release supervision term of 36 months in addition to

requiring that he serve his underlying sentence of 59 months. Finally, he complains that the judge gave him no credit for time spent on probation.

Exhaustion of all available state court remedies is a statutory prerequisite to proceeding on a petition for writ of habeas corpus under 28 U.S.C. 2254 in federal court. 28 U.S.C. 2254(b)(1) provides:

> "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State. . . ."

Alternatively, the applicant must show that State corrective process is either unavailable or ineffective. 28 U.S.C. 2254(b)(1)(B).

It is clear from the face of the Petition that Mr. Patton did not file a direct appeal, and has not filed a state post-conviction motion presenting all his claims[1] to the state courts. He alleges he asked his attorney to file an appeal, and his attorney agreed to but never did. He also states he had no attorney to assist him. Petitioner's allegations regarding his attorney's failure to file an appeal and his not having an attorney do not establish that state court remedies are either unavailable or ineffective.

Mr. Patton is required to present his claims to the state

---

[1] Petitioner alleges he filed a motion for jail time credit, which is currently pending in Riley County District Court. This also indicates he has not exhausted his state court remedies.

2

courts before he may proceed in federal court.  "A state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  Generally, the exhaustion prerequisite is not satisfied unless all claims asserted have been presented by "invoking one complete round of the State's established appellate review process."  Id. at 845.  In this district, that means the claims must have been "properly presented" as federal constitutional issues "to the highest state court, either by direct review of the conviction or in a post-conviction attack."  Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994).  Petitioner's allegations reveal that he has not presented his claims to the highest state court by either procedure.  Mr. Patton might seek permission to file a late appeal in the state courts.  Or he might file a state post-conviction motion in the state trial court, which raises all his claims.  If relief is denied by the district court he must appeal to the Kansas Court of Appeals; and if that court denies relief petitioner must file a Petition for Review by the Kansas Supreme Court.

Petitioner will be given twenty (20) days to show cause why this action should not be dismissed, without prejudice, due to his failure to exhaust state court remedies on his claims.

**IT IS THEREFORE ORDERED** that petitioner is given twenty (20) days in which to show cause why this action should not be dismissed, without prejudice, for failure to exhaust state court

remedies.

**IT IS FURTHER ORDERED** that petitioner's application to proceed without prepayment of fees (Doc. 2) is granted.

**IT IS SO ORDERED**.

Dated this 13th day of July, 2007, at Topeka, Kansas.


<u>s/Sam A. Crow</u>
U. S. Senior District Judge

4